```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
D & A FAMILY DELI INC. and NASRALDIN
ABDEL AZIZ SARAMAH,

        Plaintiffs,

   -against-

UNITED STATES OF AMERICA,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/8/2024__

23 Civ. 2231 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Plaintiffs Nasraldin Abdel Aziz Samarah and D & A Family Deli Inc. bring this action—pursuant to the Food and Nutrition Act of 2008, 7 U.S.C. §§ 2011–2036—for judicial review of a determination by the U.S. Department of Agriculture (USDA) to disqualify the store from the Supplemental Nutrition Assistance Program (SNAP) for six months. The Government[1] moves to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and (b)(6). ECF No. 12. For the reasons stated below, the Government's motion to dismiss for lack of subject matter jurisdiction is DENIED, but its motion to dismiss for failure to state a claim is GRANTED.

## BACKGROUND

### I.  Legal Background

  Congress established SNAP, the nation's food-stamp program, to help "low-income households to obtain a more nutritious diet." 7 U.S.C. § 2011. The USDA and its subagency, the Food and Nutrition Service (FNS), administer SNAP by distributing electronic benefit transfer ("EBT") cards to low-income households, which can be used to purchase "eligible food" items from

---

[1] Although Plaintiffs filed their complaint against the "United States Department of Agriculture, Food and Nutrition Service," the United States is the proper defendant. *See* 7 U.S.C. § 2023(a)(13) (an aggrieved party "may obtain judicial review [] by filing a complaint against the United States"); *see also Arias v. United States*, No. 13 Civ. 8542, 2014 WL 5004409, at *14 (S.D.N.Y. Sept. 29, 2014) ("The United States has not waived the defense of sovereign immunity with respect to claims brought against the USDA, FNS or its officials" under 7 U.S.C. § 2023 *et seq.*). This action is, therefore, dismissed as against USDA and the Food and Nutrition Service, but the United States is substituted as the party defendant. *See Santana v. U.S. Dep't of Agric.*, No. 11 Civ. 5033, 2012 WL 2930223, at *2 n.5 (E.D.N.Y. July 18, 2012).

participating retailers. 7 C.F.R. § 271.2. The Government then "redeems the benefits" and pays the store the value of the purchase. *E. Vill. New Deli Corp. v. United States*, No. 20 Civ. 7356, 2021 WL 5507048, at *1 (S.D.N.Y. Nov. 23, 2021).

A retailer that accepts SNAP benefits for items other than eligible food engages in "trafficking," an offense that can result in civil monetary penalties or permanent disqualification from SNAP. 7 C.F.R. §§ 271.2, 278.6(a), 278.6(i). The FNS monitors compliance and, if it finds that trafficking has likely occurred, issues the store a "charge letter." *See id.* §§ 271.3, 278.6(b). A retailer may respond to the charges in the letter within ten days of receiving it. *Id.* § 278.6(b)(1).

After reviewing the charge letter and any submissions by the store, FNS decides whether to impose a monetary penalty or disqualify the store from SNAP. FNS must issue notice of its determination "by any form of delivery that the Secretary [of Agriculture] determines will provide evidence of the delivery." 7 U.S.C. § 2023(a)(1), (2). The retailer may then, within ten days, ask to submit more information in support of its position. *Id.* § 2023(a)(3). If the store does not make a request, "the administrative determination shall become final." *Id.* § 2023(a)(4); *see also* 7 C.F.R. § 278.6(n) (an FNS determination is "not subject to further administrative or judicial review unless a written request for review is filed").

If the store does request administrative review, however, Section 2023(a)(5) provides that a designated agency reviewer will issue a final decision "subject to the right of judicial review hereinafter provided." A determination is subject to judicial review if a complaint is filed "within thirty days after the date of delivery or service" of the final agency decision. *Id.* § 2023(a)(13); *see also* 7 C.F.R. § 279.7(a).

II.   Factual Background

Plaintiff D & A Family Deli ("D & A") is a retail grocery store and SNAP participant located at 1225 East 233rd Street in the Bronx. Compl. ¶ 2, ECF No. 1. Plaintiff Nasraldin Abdel Aziz

Saramah is its sole shareholder. *Id.* ¶ 3. By charge letter dated October 7, 2022, FNS informed Plaintiffs that they were charged with trafficking—specifically, for accepting EBT payments for ineligible items on three occasions. *Id.* ¶ 5; ECF No. 1-1.

By determination letter dated December 2, 2022, FNS found "that the violations cited in our charge letter occurred" and disqualified D & A from participating in SNAP for six months. ECF No. 1-2. The letter stated that the determination would be final unless Plaintiffs submitted a written request for review, "received by email or postmarked by midnight of the 10th calendar day after you receive this letter." *Id.* The complaint states that the Government "did not deliver a copy of the Dec. 2, 2022 determination letter to plaintiff's counsel until Feb. 17, 2023"—which, Plaintiffs allege, was well past the ten-day window to request agency review and the thirty-day window for judicial review. Compl. ¶¶ 10–11. Plaintiffs filed this action on March 15, 2023.

## DISCUSSION

The Government moves to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because Plaintiffs filed their complaint late and failed to exhaust administrative remedies. *See* Def. Mem. at 5–12, ECF No. 13. The Government separately argues that, for the same reasons, the complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Def. Mem. at 12–13.

I. <u>Legal Standard</u>

"Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper when the district court lacks the statutory or constitutional power to adjudicate it." *Gelmart Indus., Inc. v. Eveready Battery Co., Inc.*, 120 F. Supp. 3d 327, 329–30 (S.D.N.Y. 2014) (quoting *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009)) (internal quotation marks omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In evaluating a Rule

12(b)(1) motion, the Court "may consider evidence outside the pleadings." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On such a motion, the Court may consider only the complaint, documents attached to the complaint, matters of which a court can take judicial notice, or documents that Plaintiff knew about and relied upon. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The Court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015) (citation omitted). Unlike a Rule 12(b)(1) motion, "[w]hen a party submits additional evidence to the Court in connection with a motion to dismiss [under Rule 12(b)(6)], the Court must convert the motion to dismiss into a motion for summary judgment or exclude the extraneous documents from consideration." *Nghiem v. U.S. Dep't of Veterans Affs.*, 451 F. Supp. 2d 599, 603 (S.D.N.Y. 2006), *aff'd*, 323 F. App'x 16 (2d Cir. 2009).

II. Analysis

A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

First, the Government argues that dismissal is required under Rule 12(b)(1) because Plaintiffs filed their complaint outside the thirty-day window for judicial review and failed to exhaust administrative remedies. Def. Mem. at 6–11. The Government contends that both the time bar in Section 2023(a)(13) and the exhaustion requirement in Section 2023(a)(4) are jurisdictional, strictly curtailing this Court's ability to hear late-filed or unexhausted cases.

To begin with the time bar, it is true that courts in this district have repeatedly found that the thirty-day filing requirement "is a jurisdictional provision constituting a limited waiver of sovereign immunity and is not subject to tolling." *Ade v. United States*, No. 13 Civ. 2334, 2014 WL 1333672, at *2 (S.D.N.Y. Mar. 31, 2014) (collecting cases); *see 1976 J.J. Deli Grocery Corp., v. Food and Nutrition Serv.*, No. 20 Civ. 10203, 2021 WL 2434466, at *1 (S.D.N.Y. June 15, 2021); *Mohammed v. U.S. Dep't of Agric., Food & Nutrition Serv.*, No. 22 Civ. 4721, 2023 WL 3848912, at *2 (S.D.N.Y. June 6, 2023).

In 2015, however, the Supreme Court reaffirmed that "procedural rules, including time bars, cabin a court's power only if Congress has clearly stated as much." *United States v. Wong*, 575 U.S. 402, 409 (2015) (cleaned up). As a result, the Court noted, "most time bars are nonjurisdictional" claim-processing rules, which "'seek to promote the orderly progress of litigation,' but do not deprive a court of authority to hear a case." *Id.* at 410 (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). The Court then analyzed a provision of the Federal Tort Claims Act (FTCA) that "forever barred" tort claims against the United States filed outside the statute of limitations, holding that the language—although "emphatic"—"'reads like an ordinary, run-of-the-mill statute of limitations,' spelling out a litigant's filing obligations without restricting a court's authority." *Id.* at 411 (quoting *Holland v. Florida*, 560 U.S. 631, 647 (2010)). It "makes no difference that a time bar conditions a waiver of sovereign immunity," because "treating the Government like a private person means (among other things) permitting equitable tolling." *Id.* at 420; *accord Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95–96 (1990).

The principles detailed in *Wong* undermine the Government's view that Section 2023(a)(13) is a jurisdictional restriction. For one, "[n]othing in the plain language of the statute manifests a jurisdictional intention." *Joseph v. United States*, 505 F. Supp. 3d 977, 980 (N.D. Cal. 2020). Instead, as in *Wong*, the thirty-day bar "reads like an ordinary, run-of-the-mill statute of limitations."

575 U.S. at 410.  Indeed, the language of Section 2023(a)(13)—directing that an applicant "may obtain judicial review" by filing a complaint "within thirty days," 7 U.S.C. § 2023(a)(13)—is far less "emphatic" than the "forever barred" language that the Supreme Court deemed nonjurisdictional.  *Id.* at 410.  And although other courts have found that the time bar implicates jurisdiction because it "constitut[es] a limited waiver of sovereign immunity," *see, e.g.*, *Ade*, 2014 WL 1333672, at *2, *Wong* clarifies that it "makes no difference" whether a lawsuit is against a private party or the Government as sovereign.  575 U.S. at 420.  The Court is, therefore, persuaded that Section 2023(a)(13) is a nonjurisdictional claim-processing rule, not a limit on its subject matter jurisdiction.

For similar reasons, the Court finds that the exhaustion requirement implicit in Section 2023(a)(4) also does not implicate subject matter jurisdiction.  In *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023), the Supreme Court explained that an exhaustion requirement is "a quintessential claim-processing rule" that does not carry jurisdictional force absent a clear statement from Congress.  *Id.* at 417–18.  The Court applied the clear-statement rule to a section of the Immigration and Nationality Act providing that "[a] court may review a final order of removal only if . . . the [noncitizen] has exhausted all administrative remedies available to the [noncitizen] as of right."  *Id.* at 416 (quoting 8 U.S.C. § 1252(d)(1)).  Even though the provision limited a court's "review," the Court found that it was not clearly jurisdictional: "Claim-processing rules can also be addressed to courts," and Congress's "use of more ambiguous phrasing to impose" an exhaustion requirement was "hardly the requisite clear statement." *Id.* at 420.

Here, likewise, Section 2023(a)(4) contains no clear statement that failure to exhaust administrative remedies forecloses a court's jurisdiction.  The statute only states that if a store does not request agency review, "the administrative determination shall be final"; by contrast, if a store does request review, the reviewer's decision is final "subject to the right of judicial review."  7 U.S.C. § 2023(a)(4), (5).  The Government cites several out-of-circuit cases, *see* Def. Mem. at 7, which

6

rightly conclude that "[t]he omission of the language 'subject to judicial review' in § 2023(a)(4) . . . provides an indication that Congress did not intend to provide an avenue for judicial review for those individuals or entities who failed to properly pursue their administrative remedies." *Singh v. U.S. Dep't of Agric.*, No. 07-C-1156, 2008 WL 8866072, at *3 (E.D. Wis. July 30, 2008); *see also Khan v. United States*, No. 16 Civ. 209, 2016 WL 3220523, at *2 (W.D. Pa. June 10, 2016). But it does not follow that this ambiguously phrased limit on the court's "review" is a jurisdictional one. *See Santos-Zacaria*, 598 U.S. at 420. Without clear language to so indicate, the Court concludes that Section 2023(a)(4) is nonjurisdictional.

Because neither the Section 2023(a)(13) time bar nor the Section 2023(a)(4) exhaustion requirement implicate the Court's jurisdiction, the Government's motion to dismiss for lack of subject matter jurisdiction is DENIED.

B. Motion to Dismiss for Failure to State a Claim

Accordingly, the Court assesses the Government's exhaustion and timeliness arguments under Rule 12(b)(6), not Rule 12(b)(1).[2] *See Nghiem,* 451 F. Supp. 2d at 602-03. Under Rule 12(b)(6), a motion to dismiss should be granted only if the failure to exhaust or untimeliness "is clear from the face of the complaint, and none of the exceptions outlined by the Second Circuit are germane." *Lopez v. Cipolini*, 136 F. Supp. 3d 570, 581 (S.D.N.Y. 2015) (citation omitted); *see also St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144, 157 (E.D.N.Y. 2010) (citing *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)). In other words, for the Government's argument to succeed, "the

---

[2] The Court declines the Government's request to convert the motion to dismiss into one for summary judgment. *See* Def. Mem. at 12 n.3. Accordingly, the Court limits its inquiry to assessing "the pleadings themselves, documents attached to or integral to the complaint, and any other matters of which the Court can take judicial notice." *Surrey Propco LLC v. Denihan Ownership Co., LLC*, 614 F. Supp. 3d 62, 64 n.2 (S.D.N.Y. 2022), *aff'd*, No. 22-1763, 2023 WL 4553551 (2d Cir. July 17, 2023).

plaintiff must plead itself out of court." *Famular v. Whirlpool Corp.*, No. 16 Civ. 944, 2017 WL 2470844, at *2 (S.D.N.Y. June 7, 2017) (cleaned up).

Here, it is apparent on the face of the complaint that Plaintiffs did not exhaust their administrative remedies.[3] Plaintiffs allege that the Government delivered a copy of the determination letter to counsel on February 17, 2023, but state that they were unable to request administrative review because "the 10-day deadline . . . had already passed." *See* Compl. ¶¶ 10–12. The determination letter makes clear, however, that the decision would become final unless Plaintiffs requested review "by midnight of the 10th calendar day after you receive this letter." ECF No. 1-2. Crediting Plaintiffs' allegation that they received the letter on February 17, 2023, the Court finds that Plaintiffs were on notice of the appeal deadline and failed to request review within the requisite ten days. Further, because the determination letter (appended to the complaint) provided clear directions regarding Plaintiffs' exhaustion obligations, the Court finds that Plaintiffs have not pleaded circumstances that would entitle them to equitable tolling. *Cf. South v. Saab Cars USA, Inc.*, 28 F.3d 9, 11–12 (2d Cir. 1994) (noting that courts have applied equitable tolling "where affirmative misconduct on the part of the defendant may have lulled plaintiff into inaction" or "where the claimant has received inadequate notice" (citations omitted)).

The Government's motion to dismiss for failure to state a claim is, therefore, GRANTED. The Clerk of Court is directed to terminate the motion at ECF No. 12 and close this case.

    SO ORDERED.

Dated: January 8, 2024
       New York, New York

                                                ANALISA TORRES
                                     United States District Judge

---

[3] Plaintiffs' opposition brief is silent regarding the exhaustion issue. *See* ECF No. 16.